UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60204-CR-RUIZ

UNITED STATES OF AMERICA

v.

ROYAL AIR MUSEUM, INC.,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and ROYAL AIR MUSEUM, INC. (hereinafter referred to as "the defendant") enter into the following agreement:

1.  The defendant agrees to plead guilty to an Information which charges the defendant with Major Fraud Against the United States, in violation of Title 18, United States Code, Section 1031.

2.  The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" in an advisory capacity). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable advisory guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the applicable advisory guideline range and impose a sentence that is either more severe or less severe than the advisory guidelines range. The Court is permitted to tailor the ultimate

sentence in light of other statutory concerns. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the maximum punishment for a violation of Title 18, United States Code, Section 1031 is five (5) years of probation (18 U.S.C. § 3561(c)(1)) and a fine of $5,000,000.00 (18 U.S.C. § 1031(b)). The defendant also understands and acknowledges that the Court shall order restitution to the victim (18 U.S.C. § 3663A).

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant, which will be paid by the defendant at the time of entry of this plea.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "this Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court impose the

following sentence: a fine of $1,000,000.00 and restitution in the amount of $4,000,000.00, said sums due and payable at the time of sentencing.

7. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may _not_ withdraw its plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

8. The defendant knowingly and voluntarily agrees to waive any claim or defense the defendant may have under the Eighth Amendment to the United states Constitution, including any claim of excessive fine or penalty with respect to any order of fine or restitution.

9. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, and in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in

which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that it has discussed the appeal waiver set forth in this agreement with the defendant's attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of its right to appeal the sentence to be imposed in this case was knowing and voluntary.

10. This is the entire agreement and understanding between the United States and the defendant. There are no other agreements, promises, representations, or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 10/19/22

_____
JULIA J. VAGLIENTI
ASSISTANT UNITED STATES ATTORNEY

Date: 19 Oct 22

_____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

Date: 19 Oct 22

_____
ROYAL AIR MUSEUM, INC.
By:  MARK DANIELS
As Director, President, Secretary and Authorized Representative of Royal Air Museum, Inc.

Date: 10/19/22

_____
BRUCE L. UDOLF
Attorney for Royal Air Museum, Inc.