UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-60204-CR-RUIZ

UNITED STATES OF AMERICA,

v.

ROYAL AIR MUSEUM, INC.,

                Defendant.

_____/

## FACTUAL PROFFER IN SUPPORT OF PLEA AGREEMENT

The United States of America and the defendant agree that in this matter the United States would have established beyond a reasonable doubt the following facts. The parties agree that the factual proffer is a summary relating to the defendant's conduct and does not include every detail of the offense.

The U.S. General Services Administration (GSA) administers the Federal Surplus Property Donation Program. GSA arranges the transfer and utilization of surplus U.S. Government property from other federal agencies. The distribution of surplus property to qualified recipients is conducted by various programs administered through GSA, including the Florida State Agency for Surplus Property (FLSASP). The FLSASP requests property from the GSA on behalf of qualified organizations. Once the qualified organization is allocated the property, the FLSASP then administers the distribution of the property and compliance with the program requirements. A qualified organization must submit an eligibility application that identifies the intended, permissible use of each surplus item obtained. Qualified organizations are then permitted to obtain the requested surplus property items only if they comply with certain regulations and restrictions established by GSA. These regulations include provisions which

prevent the receiving party from selling, trading, leasing, lending, bailing, cannibalizing, encumbering or otherwise disposing of the items selling or encumbering the property for specified periods.

The evidence in this case establishes that, between November 10, 2015 and July 27, 2018, the Royal Air Museum, Inc. (the RAM), an otherwise qualified non-profit organization, acquired seven aircraft and other property through the aforesaid program, including a Learjet C-21A aircraft, Serial Number 84-0111, (hereinafter referred to as "Learjet 84-0111"); a Learjet C-21A aircraft, Serial Number 84-0114 (hereinafter referred to as "Learjet 84-0114"); a Learjet C-21A aircraft, Serial Number 84-0123 (hereinafter referred to as "Learjet 84-0123"); a Beechcraft C-12D aircraft, Serial Number 81-23545 (hereinafter referred to as "Beechcraft 81-23545"); a Gulfstream C-20D aircraft, Serial Number 163691 (hereinafter referred to as "Gulfstream 163691"); an X34 aircraft, Serial Number A1 (hereinafter referred to as "X34 A1"); an X34 aircraft, Serial Number A2 (hereinafter referred to as "X34 A2"); and 729 Nortel Avaya desk telephones (hereinafter referred to as "the Nortel telephones"). Those aforesaid aircraft had an acquisition value to the United States of approximately $50 million and a fair market value of approximately $10 million. The RAM submitted multiple documents in acquiring these aircraft, including letters of intent that stated that the aircraft would be utilized by the RAM and would remain as museum property. According to the documents submitted, all of the aircraft were to be utilized for display, educational purposes and other specific uses by and at the RAM, which was initially located at Tri-County Airport, 1983 Tri County Airport Road, Bonifay, Florida (Tri-County Airport) and thereafter at World Jet Inc. (World Jet), a company that is located at Fort Lauderdale Executive Airport, 1020 NW 62nd St., Fort Lauderdale, FL (FXE). Thereafter the RAM sold, attempted to sell, loaned, attempted to loan, leased, attempted to lease, transferred, or

converted the property to the use of another who was not entitled thereto, or otherwise used the property in contravention of the stated purposes under which the RAM was permitted to acquire the property initially.

On May 27, 2016 the RAM submitted a signed letter of intent to the FLSASP seeking acquisition of Gulfstream 163691. The letter of intent stated, in pertinent part, the following:

> The aircraft requested will be used to promote our organization and preservation of aerospace history, which includes purposes of display, exhibition and educational purposes. As the subject aircraft are listed with GSAexcess, it will be utilized for purposes of the museum and would remain as museum property subject to the terms and regulations as imposed by the GSA.

On April 6, 2017, a representative of the RAM signed a conditional transfer document for Gulfstream 163691. The conditional transfer document stated, in pertinent part, the following:

> ..in consideration of and reliance upon the representations of the Royal Air Museum, Inc. (hereinafter called the Donee) that the property hereinafter described is required in the furtherance of the Donee's program and that such property will be used solely in connection with such programs and more specifically for all the following purpose(s): Cannibalization in accordance with the proposed program and plan as set forth in the Donee's 'Letter of Intent' dated June 16, 2015 as amended, which Expression of interest is hereby incorporated herein and made a part thereof, and for no other purpose, does hereby deliver, sell, assign, and transfer all of its rights, title, and interest in and to the following described non-combat-type aircraft, aircraft engines, and propellers, AIRCRAFT, Gulfstream, C-20D, Serial # 163691, together with all engines, appurtenances, and accessories attached thereto (all of which are hereinafter referred to as the Property), which has been determined by GSA to have a fair market value of $7,400,000.00, unto the Donee to have and hold the property…

The conditional transfer document also stated the following

> … the Donee shall not sell, trade, lease, lend, bail, cannibalize, encumber, or otherwise dispose of the Property…without the prior written approval of GSA.

On April 18, 2017, Gulfstream 163691 was officially transferred from GSA and the FLSASP to the RAM. On April 20, 2017, the engines from Gulfstream 163691 were sold and transferred to Corporation 1 without the prior written approval of GSA. In July 2018, the

fuselage and other aircraft parts from Gulfstream 163691 were sold and transferred to Corporation 2 without the prior written approval of GSA.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY

Date: 10/19/22

JULIA J. VAGLIENTI
ASSISTANT UNITED STATES ATTORNEY

Date: 19 Oct 22

LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

I have read the Factual Proffer in Support of Plea Agreement set forth above. I believe that the above-stated facts set forth all the elements for the offense of Major Fraud Against the United States, in violation of Title 18, United States Code, Section 1031, as charged in the Information. I agree with all the facts set forth in the Factual Proffer in Support of Plea Agreement.

Date: 10/19/22

BRUCE L. UDOLF
ATTORNEY FOR ROYAL AIR
MUSEUM, INC.

Date: 19 Oct 22

ROYAL AIR MUSEUM, INC.
By: MARK DANIELS
As Director, President, Secretary and Authorized Representative of Royal Air Museum, Inc.

4