UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-CR-60204-RAR

UNITED STATES OF AMERICA

v.

ROYAL AIR MUSEUM, INC.,

    Defendant.
_____/

## ORDER APPROVING SALE OF RECEIVERSHIP PROPERTY

**THIS MATTER** comes before the Court on the Receiver's Motion to Approve the Sale of Property, [ECF No. 52] ("Motion"). The Court, having reviewed the Receiver's Motion, with good cause shown, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** that the Motion is **GRANTED** as follows:

1. On November 19, 2024, this Court appointed the Receiver, [ECF No. 29], and authorized and directed her to sell certain property owned by Defendant and to apply the net proceeds of said sale to Defendant's criminal restitution judgment.

2. This Court has jurisdiction over the assets of Defendant to the extent that same are subject to the criminal restitution judgment entered on July 27, 2023, [ECF No. 24], including the property which is the subject of this proceeding.

3. The property which is the subject of the sale is the Lockheed Model F104B Starfighter (Registration No. 65354, Serial No. 56-1296) ("Property"). The Receiver's sale of the Property is referred to in this Order as the "Sale."

4. The Court finds that the sale of the Property is necessary to repay, in full or in part, the outstanding criminal restitution judgment of Defendant. The purchase price of $135,000.00 offered by DNC Parks & Resorts at KSC, Inc. ("Buyer") is reasonable and represents the fair market value of the Property according to the Receiver.

5. The Receiver's Aircraft Purchase Agreement with the Buyer ("Aircraft Purchase Agreement") is hereby approved, and the Court authorizes, approves, and orders the Sale of the Property to the Buyer based on the terms and conditions of the Aircraft Purchase Agreement and this Order.

6. The Receiver and closing agent are authorized to disburse and pay from the proceeds of the Sale of the Property: (a) all customary closing costs; (b) any undisputed encumbrances against the Property, provided same, if any, are superior in priority to the judgment lien held by the United States; and (c) all reasonable and necessary storage costs incurred in connection with the preservation and safekeeping of the Property.

7. The Receiver shall retain in escrow a sufficient portion of the Sale proceeds to address any unpaid encumbrances (collectively, the "Encumbrances"), including but not limited to storage costs incurred in connection with the Property, if any exist. The Receiver is authorized to disburse funds to pay any such Encumbrances upon verification that the debt constitutes a valid lien against the Property and upon approval by the United States in this proceeding that such lien is superior in priority to the judgment lien held by the United States. To the extent any Encumbrances, including storage costs, are paid pursuant to this Order, any remaining escrowed funds shall be remitted to the United States of America and applied to satisfy the Defendant's obligations as set forth herein.

8. The Receiver's fee and reimbursement of expenses shall be considered by the Court via separate motion filed on behalf of the Receiver.

9. The net proceeds from the Sale of the Property shall first be paid as follows: all closing costs, expenses, Encumbrances, and approved professional fees of the Receiver and her attorneys. The remainder shall be disbursed to the United States by wire transfer or certified funds to the Clerk of Court, United States District Court, Southern District of Florida, Financial

Section, 400 N. Miami Avenue, 8th Floor North, Miami, Florida 33128. The Clerk of Court shall apply these funds to the outstanding criminal restitution judgment against Defendant.

10. In order to facilitate and complete the sale of the Property, the Receiver is authorized and directed to make, execute, convey, and deliver to the Buyer such documents or instruments, including all supplements and amendments, required in connection with the Sale of the Property, with such terms and provisions as the Receiver deems appropriate.

11. The Receiver may seek additional approval or direction from the Court related to the Sale on an expedited basis as the Receiver deems necessary to complete the Sale.

12. Upon entry of this Order, the Buyer, any aircraft escrow agent, lender, insurer, or other interested party shall be: (a) entitled to rely upon this Order as sole and conclusive evidence of the full and unrestricted authority of the Receiver to consummate the sale of the Aircraft, to convey all right, title, and interest in and to the Aircraft to the Buyer, to execute and deliver any and all documents of transfer and conveyance, including FAA Bill of Sale (AC Form 8050-2) and related documentation required by the Federal Aviation Administration, and to collect and disburse funds in connection therewith; and (b) fully protected by the effect of this Order Approving Sale, which authorizes the lawful transfer of the Aircraft and vests good and marketable title in the Buyer.

**DONE AND ORDERED** in Miami, Florida on this 8th day of May, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:
Counsel of record